23CA0961 Peo v Thiam 03-12-2026

COLORADO COURT OF APPEALS

---

Court of Appeals No. 23CA0961
City and County of Denver District Court Nos. 18CR9162, 19CR4832 &
19CR8433
Honorable Ericka F.H. Englert, Judge

---

The People of the State of Colorado,

Plaintiff-Appellee,

v.

Abou Thiam,

Defendant-Appellant.

---

ORDERS AFFIRMED

Division IV
Opinion by JUDGE BROWN
Schutz and Berger*, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced March 12, 2026

---

Philip J. Weiser, Attorney General, Patrick A. Withers, Assistant Solicitor
General and Senior Assistant Attorney General, Denver, Colorado, for Plaintiff-
Appellee

Megan A. Ring, Colorado State Public Defender, Daniel J. Sequeira, Deputy
State Public Defender, Denver, Colorado, for Defendant-Appellant

*Sitting by assignment of the Chief Justice under provisions of Colo. Const. art.
VI, § 5(3), and § 24-51-1105, C.R.S. 2025.

¶ 1    Defendant, Abou Thiam, appeals the district court's orders revoking his probation in three cases.  We affirm.

## I.    Analysis

¶ 2    This case is related to *People v. Thiam*, (Colo. App. No. 23CA0962, Mar. 12, 2026) (not published pursuant to C.A.R. 35(e)) (*Thiam I*), which we also announce today.

¶ 3    In 2019, Thiam pleaded guilty to criminal mischief in Denver District Court Case No. 18CR9162 and to violation of a protection order involving domestic violence in Denver District Court Case No. 19CR4832.  In 2020, Thiam pleaded guilty to criminal possession of a financial device in Denver District Court Case No. 19CR8433. The district court sentenced Thiam to concurrent two-year probationary sentences in each of these three cases.

¶ 4    In 2021, while Thiam was on probation, the prosecution charged him with attempt to influence a public servant and two counts of forgery in Denver District Court Case No. 21CR6328.  As a result of the new charges, Thiam's probation officer filed separate complaints to revoke Thiam's probation in Case Nos. 18CR9162, 19CR4832, and 19CR8433.  The complaints all alleged that Thiam had violated the terms of his probation because he (1) had been

1

charged with new crimes; (2) tested positive for cocaine; (3) failed to submit all required urinalyses; (4) was discharged from domestic violence counseling as unsuccessful; (5) failed to report for scheduled appointments; and (6) failed to pay court-ordered costs, fees, and fines.

¶ 5     In 2023, a jury found Thiam guilty as charged in Case No. 21CR6328. The district court subsequently revoked Thiam's probation in Case Nos. 18CR9162, 19CR4832, and 19CR8433 because he had been convicted in Case No. 21CR6328.

¶ 6     Thiam appealed his conviction in Case No. 21CR6328, *Thiam I*, slip op. at ¶ 1. And he separately appealed the revocation of his probation in Case Nos. 18CR9162, 19CR4832, and 19CR8433 in this appeal. Here, he argues that if his conviction in Case No. 21CR6328 is reversed, we should reverse the probation revocations in Case Nos. 18CR9162, 19CR4832, and 19CR8433 and remand the case for the district court to consider the alternative bases for revocation alleged in the complaints. Because we affirm the judgment of conviction in Case No. 21CR6328, *Thiam I*, slip op. at ¶ 56, we also affirm the court's orders revoking Thiam's probation.

## II. Disposition

¶ 7    We affirm the district court's orders.

JUDGE SCHUTZ and JUDGE BERGER concur.